UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THERESA LOVE-BARKER,

    Plaintiff,

v.                          Case No: 2:16-cv-640-FtM-99MRM

WALMART STORES EAST, LP, a
foreign limited partnership,

    Defendant.

## ORDER[1]

This matter comes before the Court on review of the Notice of Removal (Doc. 1) filed on August 17, 2016. Subject-matter jurisdiction is premised on the presence of a diversity of citizenship between the parties. (*Id.* at 4).

Federal courts are courts of limited jurisdiction and are obligated to inquire about jurisdiction *sua sponte* whenever it may be lacking. See *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (citations omitted). A defendant may remove a civil case from state court provided the case could have been brought in federal court. See 28 U.S.C. § 1441(a). Federal courts have original jurisdiction if the amount in controversy exceeds

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

$75,000, exclusive of interest and costs, and there is complete diversity of citizenship among the parties. *See* 28 U.S.C. § 1332(a); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). The defendant seeking removal bears the burden of establishing diversity jurisdiction as of the date of the removal. *See Moreland v. SunTrust Bank*, No. 2:13-cv-242, 2013 WL 3716400, at *1 (M.D. Fla. July 15, 2013) (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010)); *Sammie Bonner Constr. Co. v. W. Star Trucks Sales, Inc.*, 330 F.3d 1308, 1310 (11th Cir. 2003)). Removal jurisdiction raises significant federalism concerns, and thus courts strictly construe removal statutes. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Any doubt as to the presence of jurisdiction should be resolved in favor of remand. *See Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

Defendant states that Walmart Stores East, LP is incorporated in Delaware, with its principal place of business in Arkansas. (Doc. 1 at 7). Defendant does not identify the citizenship of the general and/or limited members of the partnership, and a limited partnership itself is not a citizen for jurisdictional purposes. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 189, 195 (1990). Therefore, the Court cannot determine the citizenship of Walmart Stores East, LP, or that diversity jurisdiction is present.

Plaintiff will be provided an opportunity to state the presence of federal jurisdiction pursuant to 28 U.S.C. § 1653.

Accordingly, it is now

**ORDERED:**

Defendants shall supplement the Notice of Removal in accordance with the above on or before **April 27, 2017**, or otherwise show cause by this date why this case should

not be remanded for failure to establish subject-matter jurisdiction based on the presence of diversity jurisdiction at the time of removal.  **Failure to comply with this Order will result in this case being remanded without further notice.**

**DONE AND ORDERED** at Fort Myers, Florida, this 13th day of April, 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All parties of record